IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK BRUCE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No.2:08cv552-TMH |
| | )                   (WO) |
| JEFFERY KELLER, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed on or around June 19, 2008, by federal inmate Patrick Bruce ("Bruce"). Bruce argues that a Federal Bureau of Prisons ("BOP") regulation excluding him from eligibility for early release under 18 U.S.C. § 3621(e) upon completion of the Residential Drug Abuse Program violates his rights and violates the provisions of § 706(2)(A) of the Administrative Procedure Act.

**DISCUSSION**

A federal prisoner who requests habeas corpus relief under 28 U.S.C. § 2241 must first exhaust his administrative remedies before seeking relief from this court. *Gonzalez v. United States*, 959 F.2d 211 (11th Cir. 1992). The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. *See* 28 C.F.R. §§ 542.10 *et seq*.; *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990). These regulations govern formal review of inmate complaints relating to any aspect

of their imprisonment and specify the procedures that inmates must pursue before attempting to seek relief in federal court. *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991). If, and only if, an inmate has pursued his administrative remedy may he seek relief in federal court. *Id*. "Exhaustion of administrative remedies is jurisdictional" when a petition is filed pursuant to 28 U.S.C. § 2241 for release from federal prison. *Gonzalez,* 959 F.2d at 212; *Winck v. England*, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003).

A review of the habeas petition, the respondent's answer, and the records before the court reveals that Bruce has not yet exhausted his available administrative remedies with respect to the claims presented in his petition. This court does not deem it appropriate to rule on the merits of Bruce's claims without first requiring that he exhaust available administrative procedures established by the BOP. Consequently, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Bruce can pursue his available administrative remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice to afford Bruce an opportunity to exhaust his administrative remedies in accordance with the procedures established by the BOP.

It is further

ORDERED that the parties shall file any objections to the said Recommendation **on or before September 25, 2008.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous,

conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of September, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE